## EDWARD BOCK *v.* LUCILLE BOCK
## (AC 32151)

Gruendel, Beach and Bear, Js.

Submitted on briefs October 15, 2010—officially released March 29, 2011

*Lucille Bock*, pro se, the appellant (defendant), filed a brief.

*Thomas M. Shanley* filed a brief for the appellee (plaintiff).

BEACH, J. The defendant, Lucille Bock, appeals from the dismissal of her postjudgment motion for contempt in which she alleged that the plaintiff, Edward Bock, had failed to provide funds in accordance with postmajority educational support agreements. On appeal, the defendant claims that the trial court erred in dismissing the motion for lack of subject matter jurisdiction. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our resolution of the defendant's appeal. On August 15, 2006, the court rendered judgment dissolving the marriage of the parties.[1] The judgment stated that "[t]he court shall retain jurisdiction pursuant to General Statutes § 46b-56c[2] to enter an educational support order." The judgment also directed

---

[1] The judgment incorporated an agreement between the parties regarding the allocation of their personal property.

[2] General Statutes § 46b-56c provides in relevant part: "(a) For purposes of this section, an educational support order is an order entered by a court requiring a parent to provide support for a child or children to attend for up to a total of four full academic years an institution of higher education or a private occupational school for the purpose of attaining a bachelor's or other undergraduate degree, or other appropriate vocational instruction. An educational support order may be entered with respect to any child who has not attained twenty-three years of age and shall terminate not later than the date on which the child attains twenty-three years of age.

"(b) (1) On motion or petition of a parent, the court may enter an educational support order at the time of entry of a decree of dissolution, legal separation or annulment, and no educational support order may be entered thereafter unless the decree explicitly provides that a motion or petition

that "[b]oth parties shall be named joint custodians of the children's [Connecticut Uniform Transfers to Minors Act (UTMA)][3] accounts, and said monies shall be utilized for the payment of each child's college education expenses for four (4) years of college." The parties have three children, to wit, Matthew Bock, born November 12, 1987, John Bock, born April 10, 1989, and Dana Bock, born December 11, 1992.

On January 29, 2007, the parties submitted a written stipulation modifying the dissolution decree, which was made an order of the court. Paragraph nine of the stipulation contained a postmajority educational support agreement, stating in relevant part: "The parties shall be equally responsible, subject to Matthew's compliance as a student with all the terms and conditions set forth in . . . § 46b-56c, for one-half of Matthew's college expenses up to the cost of the University of Connecticut, which amount the parties agree is [$7500] per year. The [$7500] agreed upon shall include payment for tuition, room and board, books, required computers, a reasonable spending allowance and a reasonable travel allowance for up to four round trips per calendar year from college to the principal home of the [d]efendant. [The] [p]laintiff shall send [$7500] to Ashland University forthwith for the 2006-2007 school year. Thereafter, each of the parties shall be responsible for [$7500] for Matthew's college expense[s], made by July [1] of each

for an educational support order may be filed by either parent at a subsequent date. . . .

"(f) The educational support order may include support for any necessary educational expense, including room, board, dues, tuition, fees, registration and application costs, but such expenses shall not be more than the amount charged by The University of Connecticut for a full-time in-state student at the time the child for whom educational support is being ordered matriculates, except this limit may be exceeded by agreement of the parents. An educational support order may also include the cost of books and medical insurance for such child. . . ."

[3] These are accounts in which funds are set aside for children pursuant to General Statutes § 45a-557 et seq.

year, which payment shall be made directly to the school."

On February 14, 2008, the defendant filed a motion to modify the educational support agreement based on an increase in the price of tuition for the University of Connecticut. As a result, the parties submitted another written stipulation on June 2, 2008, modifying the original educational support agreement and adding a reference to John's college costs; he had enrolled in the University of New Haven in August, 2007. The stipulation provides in relevant part: "(1) [The] [p]laintiff shall pay [$9700] plus $500 for each child's 2008-2009 college costs. He shall deposit $10,200 into each child's [UTMA] account by July 1, 2008. [The] [d]efendant shall pay an equal amount of college costs. (2) [The] [d]efendant, upon issuing checks for college costs, shall send copies of checks and, if applicable, invoices from the provider, confirming what costs are being paid. Copies shall be sent forthwith to the [p]laintiff. (3) If a child does not attend college for a term for which [the] [p]laintiff has paid, the payment shall be held for no more than [one] year, and if the child does not return to college within [one] year, the payment shall be refunded to [the] [p]laintiff. (4) For [the] 2009-2010 and subsequent academic years, each party shall pay [one-half] the published cost, including books, of an in-state resident attending [the University of Connecticut]. Payments shall be deposited to the child's [UTMA] account on the same terms and conditions as set forth in [p]aragraphs 1, 2 and 3, supra. (5) For John's college costs for 2007-2008, [the] [p]laintiff shall deposit [$9700] into John's [UTMA account] by June 15, 2008." This stipulation was approved and made an order of the court.

Matthew attended Ashland University from the fall 2006 semester through the spring 2008 semester. At the time the June 2, 2008 agreement was made an order of the court, Matthew was registered to be a full-time

student at Ashland University for the 2008-2009 school year. On June 4, 2008, in accordance with the June 2, 2008 educational support agreement, the plaintiff deposited a check in the amount of $10,200 into Matthew's UTMA account for the 2008-2009 academic school year.

Unbeknownst to the plaintiff, Matthew actually attended Norwalk Community College for the 2008-2009 academic school year while living at home. Upon discovering this fact, on August 20, 2009, the plaintiff filed a motion to modify the June 2, 2008 educational support agreement, seeking to reduce his required payments because Matthew had changed postsecondary schools and was attending a community college at a reduced cost. Thereafter, on August 22, 2009, the plaintiff deposited a check into Matthew's UTMA account in the amount of $1500 for the 2009-2010 academic school year.[4] In response, on September 4, 2009, the defendant filed a postjudgment motion for contempt, alleging that there was an arrearage of $8903.[5]

After conducting evidentiary hearings on the motion for modification and the motion for contempt, the court issued a memorandum of decision on March 23, 2010, in which it dismissed both motions for lack of jurisdiction. The court reasoned that, in these circumstances, there are only two relevant statutory provisions that provide jurisdiction to a court over postmajority support orders, and the parties' educational support agreements did not satisfy either. First, the court held that the agreements

[4] The plaintiff based this figure on an approximation of one half of the costs associated with one year of enrollment at Norwalk Community College. The total actual costs incurred for Matthew's 2009-2010 academic school year were $3477.56.

[5] The defendant alleges that, based on the estimated cost of attending the University of Connecticut for the 2009-2010 academic year, the plaintiff owed $10,403 for Matthew's 2009-2010 academic school year pursuant to the June 2, 2008 educational support agreement. Because the plaintiff paid only $1500, the defendant claims that there is an arrearage of $8903.

were not properly incorporated by reference into the dissolution decree pursuant to General Statutes § 46b-66[6] because "a written agreement to support a child postmajority . . . must be presented to the court at the time of entry of the *original* order for incorporation therein." (Emphasis added.) Second, the court held that the parties' agreements were not valid educational support orders under § 46b-56c because they did not contain all the necessary provisions mandated by the statute.[7] The court thus dismissed both motions for lack of jurisdiction. This appeal followed.

On appeal, the defendant claims that the court erred in dismissing her motion for contempt for lack of subject matter jurisdiction. The defendant agrees with the portion of the court's judgment holding that the educational support agreements entered into by the parties were not valid educational support orders pursuant to § 46b-56c.[8] She argues, rather, that the educational support agreements were validly entered into pursuant to

---

[6] General Statutes § 46b-66 provides in relevant part: "(a) In any case under this chapter where the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property, the court shall inquire into the financial resources and actual needs of the spouses and their respective fitness to have physical custody of or rights of visitation with any minor child, in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. . . . If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d. . . ."

[7] The agreements are not limited by the age of the children attending college, and they fail to limit the parties' obligations to a total of four full academic years. See *Kelman* v. *Kelman*, 86 Conn. App. 120, 125–26, 860 A.2d 292 (2004), cert. denied, 273 Conn. 911, 870 A.2d 1079 (2005).

[8] In her reply brief, the defendant specifically states that she "is in strong agreement with the plaintiff that . . . 'the trial court rightly held that the [educational support agreements] of the parties entered by the court did

§ 46b-66 and that the court erred in concluding that they were not validly incorporated by reference into the dissolution decree pursuant to § 46b-66. We disagree.

Here, the record demonstrates that the agreements entered into by the parties were intended to be educational support agreements pursuant to § 46b-56c, not postmajority support orders pursuant to § 46b-66. The original dissolution decree rendered by the court expressly retained jurisdiction to enter educational support orders pursuant only to § 46b-56c. The parties' January 29, 2007 educational support agreement expressly refers to § 46b-56c and makes no mention of § 46b-66. Furthermore, the parties' June 2, 2008 modification does not make any reference to § 46b-66. The plaintiff's August 14, 2009 motion to modify also referred to the court's jurisdiction pursuant specifically to § 46b-56c. Both parties expressly agree on appeal, however, that the court's judgment holding that the educational support agreements did not comply with the requirements of § 46b-56c was proper.[9] Although the defendant claims that the court had jurisdiction pursuant to § 46b-66 to incorporate by reference the educational support agreements into the dissolution

not comply with [§] 46b-56c, and were thus not educational support orders' " pursuant to § 46b-56c.

[9] Because the defendant does not contest this determination, we do not consider this aspect of the court's judgment on appeal. We note, however, that the omission of some of the required statutory provisions does not necessarily invalidate an educational support order pursuant to § 46b-56c. See *Sander* v. *Sander*, 96 Conn. App. 102, 899 A.2d 670 (2006). In *Sander*, this court held that the trial court's failure to make the necessary finding, required by § 46b-56c, that it is more likely than not that the parties would have provided support for their daughter's college education had the family remained intact, was harmless error. Id., 115–18. This court also held that the trial court's establishment of a trust for the purpose of educational support pursuant to § 46b-56c "*impliedly included* the statutory limitations on the type and cost of expenses the parties are obligated to provide for, as well as circumstances that terminate the parties' obligation." (Emphasis added.) Id., 121 n.18.

decree,[10] she has not provided any evidence that the agreements were entered into pursuant to § 46b-66. Rather, the record demonstrates that at the time the judgment of dissolution was rendered and at the time the agreements were made, the only statute mentioned by the parties or by the court was § 46b-56c. Accordingly, the defendant cannot prevail on her claim that the educational support agreements were validly incorporated by reference pursuant to § 46b-66.[11]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[10] In her brief to this court, the defendant argued that it is permissible for a party to incorporate by reference an agreement for postmajority educational support into a divorce decree after the decree is entered, pursuant to § 46b-66, notwithstanding the fact that the court does not explicitly retain jurisdiction by referring to § 46b-66 in the decree. Because we determine that the agreements at issue in the present case were not intended to be agreements pursuant to § 46b-66, we do not address this aspect of the defendant's claim.

[11] We note that the defendant is not foreclosed from attempting to enforce the educational support agreements through an independent contract action. Additionally, as noted by the trial court, the parties may submit to the court another agreement that conforms to the requirements of § 46b-56c.